UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PETER J. HIDALGO,
Federal Medical Center
P.O. Box 1600
Butner, NC 27509

Plaintiff,

v.

FEDERAL BUREAU OF
INVESTIGATION (FBI),

Defendant.

Civil Case No. _____

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF.

1.   This is an action brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, to order the production of certain Federal Bureau of Investigation ("FBI") records pertaining to Manuel ("Manny") Sanchez, an FBI paid informant (No. MM-5177-CW(D)), whose date of birth is 1-10-49 and whose Social Security number is 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. As set forth in Plaintiff's February 3, 2006 FOIA request (attached as Exh. A), the search of the FBI's Miami field office's records was to be all-inclusive. Notwithstanding a prior order from this Court finding that no FOIA exceptions apply to Plaintiff's identical request to the FBI Headquarters (attached as Exh. B), the FBI denied Plaintiff's request on March 3, 2006 on the same inappropriate grounds (attached as Exh. C), and the appeal of that denial (No. 06-1908) has been delayed indefinitely because of a "substantial backlog of pending appeals" at the Department of Justice's Office of Information and Privacy (letter attached as Exh. D).

2. Plaintiff respectfully asks that this Court order the FBI's Miami field office to produce immediately the documents and information requested in Plaintiff's FOIA request. Plaintiff requests declaratory and injunctive relief, all incurred legal costs, and trial by jury.

### JURISDICTION AND VENUE

3. This court has jurisdiction over this action pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 701. Venue is proper in this District pursuant to the provisions of 5 U.S.C. §§ 552(a)(g)(5) and 703.

### PARTIES

4. Plaintiff, Peter J. Hidalgo, is a Federal prisoner currently incarcerated at the Federal Medical Center in Butner, North Carolina.

5. Defendant, FBI, is an agency of the United States, and it and/or the Miami Field Office, which is under its control, has possession of, and control over, the records that Plaintiff seeks.

### FACTS

6. On February 7, 2006, counsel for Plaintiff mailed to the FBI's Miami Field Office a FOIA request seeking all records in the field office's files that pertained to Manuel ("Manny") Sanchez, an FBI informant (No. MM-5177-CW(D)) (Exh. A). Plaintiff explicitly noted in the request that the Honorable James Robertson had ruled on September 29, 2005, that no FOIA exceptions applied to Plaintiff's identical requests to the FBI Headquarters. (Civil Action No. 04-0562 (JR)). Plaintiff attached Judge Robertson's Order to the FOIA request. The request was

2

received by the FBI agency on November 13, 2003 (confirmation attached as Exh. E) and forwarded to FBI Headquarters.[1]

7.      Plaintiff received from the Defendant a response in the form of a standard letter dated March 3, 2006, acknowledging Plaintiff's FOIA request but declining to provide the requested documents on the grounds that they were exempt from disclosure pursuant to exemptions (b)(6) and/or (b)(7)(C) of FOIA — *i.e.*, the very same exemptions claimed by the FBI in Plaintiff's identical requests to FBI Headquarters and found inapplicable by Judge Robertson (attached as Exh. F).

8.      On April 26, 2006, pursuant to 28 CFR § 16.9(A) and 5 U.S.C. § 552(a)(6), counsel for Plaintiff filed an administrative appeal with the Office of Information and Privacy. Plaintiff's appeal was submitted after passage of more than twenty (20) working days from the date of his initial March 3, 2006 FOIA request.

9.      Plaintiff's appeal was received by the Office of Information and Privacy on May 1, 2003 (*see* Exh. D). On May 9, 2006, Plaintiff's counsel received from the Office of Information and Privacy a standard response letter acknowledging receipt of Plaintiff's administrative appeal and assigning an appeal number of 06-1908 (*id.*). The Office of Information and Privacy indicated that it would be unable to make a determination on the merits of Plaintiff's appeal within the statutorily-prescribed period of twenty (20) working days. 5 U.S.C. § 552(a)(6)(A)(ii) because of a "substantial backlog of pending appeals." (*Id.*)

---

[1]     Plaintiff notes that the FBI belatedly claimed in Civil Action No. 04-0562 (JR) that Plaintiff should have sent his original FOIA request (submitted to FBI Headquarters) to the Miami field office. Nevertheless, the Miami field office forwarded the request that is the subject of this complaint to FBI Headquarters, where it was again denied out of hand.

## CAUSE OF ACTION

10. The aforementioned actions of the Defendant have denied Plaintiff rights afforded by federal statute and regulations. The agency has not claimed any permissible FOIA exemption for nondisclosure of the records and documents requested. Additionally, far more than twenty (20) working days have passed since the Office of Information and Privacy received Plaintiff's appeal, and Plaintiff has not received either a decision on the merits of that appeal or the responsive records and documents requested.

11. In light of this Court's prior rulings, Plaintiff's rights were deliberately and capriciously violated by Defendant's refusal to supply the requested documents to Plaintiff pursuant to FOIA. Plaintiff has a statutory right to the records that he seeks, and there is no legal basis for the Defendant's refusal to disclose them to him.

## DEMANDS

12. The Defendant erred in not providing Plaintiff copies of the records and documents requested under FOIA, and therefore Plaintiff's rights were violated. Plaintiff demands Summary Judgment against the Defendant and respectfully asks that the Court:

(a) declare the Defendant's refusal to disclose the records requested by Plaintiff unlawful;

(b) issue an injunction preventing Defendant from responding to FOIA requests with a standard form letter and then failing to rule on an appeal of the agency's denial within the statutorily-prescribed time, thereby causing undue (and apparently endless) delay to the FOIA requester;

(c) order that the requested records be made immediately available to Plaintiff by the FBI's Miami field office; or, if Defendant continues to claim that FOIA exceptions apply, order

that all records responsive to Plaintiff's request be submitted immediately for *in camera* review by the Court[2]; and

(d)   in light of Defendant's willful disregard for prior Orders of this Court, order that the Defendant reimburse Plaintiff his costs and all reasonable attorneys' fees he may incur in relation to this action.

Dated: August 25, 2006

William R. Nifong (DC Bar # 470217)
O'Melveny & Myers LLP
1625 Eye Street NW
Washington, D.C. 20006
(202) 383-5190
(202) 383-5414 (facsimile)
wnifong@omm.com

---

[2]   As the FBI has yet to comply with the Court's September 29, 2005 Order requiring production of all responsive records held at FBI headquarters, this demand should include records from both FBI headquarters and the FBI's Miami field office.