# EXHIBIT A



# O'MELVENY & MYERS LLP

BEIJING

BRUSSELS

CENTURY CITY

HONG KONG

LONDON

LOS ANGELES

1625 Eye Street, NW
Washington, D.C. 20006-4001

TELEPHONE (202) 383-5300
FACSIMILE (202) 383-5414
www.omm.com

NEWPORT BEACH

NEW YORK

SAN FRANCISCO

SHANGHAI

SILICON VALLEY

TOKYO

February 7, 2006

OUR FILE NUMBER

Federal Bureau of Investigation
Miami Field Office
16320 N.W. 2nd Avenue
Miami, FL 33169

WRITER'S DIRECT DIAL
(202) 383-5190

WRITER'S E-MAIL ADDRESS
wnifong@omm.com

### *In re*: FREEDOM OF INFORMATION ACT REQUEST

To Whom It May Concern:

On behalf of my client **Peter J. Hidalgo**, I submit the enclosed Freedom of Information Act ("FOIA") request. As he is currently undergoing treatment at a medical facility in North Carolina and the duration of his stay there is uncertain, we ask that any correspondence regarding this request (including any production of documents responsive to the FOIA request) be sent to the following address:

> Peter J. Hidalgo
> c/o William R. Nifong
> O'Melveny & Myers LLP
> 1625 Eye St. NW
> Washington, DC 20006

For your consideration, I also enclose a September 29, 2005 Order of the Honorable James Robertson, United States District Court, District of the District of Columbia, finding that *no FOIA exceptions apply* to Mr. Hidalgo's request and that disclosure of the documents he seeks is in the public interest. As Judge Robertson's Order pertains to a FOIA request to FBI Headquarters that is, in every material way, identical to the one submitted herein, Mr. Hidalgo is likewise entitled to any responsive documents kept at the Miami field office. (Both Judge Robertson's Order and the earlier FOIA request are enclosed.) Therefore, we ask that you produce the requested documents to Mr. Hidalgo as soon as possible. By this letter, we also agree to compensate your office for any reasonable copying costs and postage associated with this request.

O'MELVENY & MYERS LLP
February 7, 2006 - Page 2


      On behalf of Mr. Hidalgo, I thank you in advance for your efforts and look forward to your response.

                         Sincerely,

                         William R. Nifong

cc/  Peter J. Hidalgo

P E T E R  J.  H I D A L G O

37498-004
F.C.C. Butner
P.O. Box 1600
Butner, N.C. 27509

February 3, 2006

**Federal Bureau of Investigation (FBI)**
Freedom of Information Request
Miami FBI Field Office
16320 N.W. 2nd Avenue
Miami, Fl 33169

RE: **Freedom of Information Act Request on "Manuel (Manny)
Sanchez", FBI Informant Number MM-5177-CW(D); under
the File name "VESTRAC", OCDETF; OO: Miami; File
Number (245B-MM-49826), pursuant to the FOIA/PA,
5 U.S.C. 552; 5 U.S.C. 552a.**

Dear Sir/Madame FOIA Officer:

1). This letter will serve as a formal request, pursuant to
the provisions of the Freedom of Information Act (5 U.S.C. 552)
and the Privacy Act (5 U.S.C. 552a (d)(1) ) and the State Statutes
governing Freedom of Information requests, for the full diclosure
and release of all "System of Records" and "Data" contained in the
Files of your agency. Specifically, under the name of "Manuel
(Manny) Sanchez", D.O.B. 1-10-1949, FBI Informant number MM-5177-
CW(D), Social Security Number(s) 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/(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), and
Florida License number S522540490100, or Identifier assigned to
that name. Futhermore, all searches for Sanchezs' requested speci-
fic information are to include, but not limited to, Files referen-
cing "VESTRAC": OO: Miami File Number (245B-MM-49826).

2). The Records and Files that are sought for Manuel (Manny)
Sanchez, are maintained under the FBIs' agency records structure
that includes "Main" Files and "Reference" ("Cross Reference")
Files, and that in conjuction employs the following systems, but
not limited to: Central Record System ("CRS"); Automated Case
Support ("ACS"); Electronic Case File ("ECF"); Universal Index ("UNI");
Investigative Case Management ("ICM"); Universal Case File Number
("UCFN"); and General Indices (Automated and Manual) to access the
Files for Manuel (Manny) Sanchez in all FBI Field Offices.

3). The following FOIA request specifically is for the agencys'
compiled File of "Manuel Sanchez" and Cross Reference Files under
the name "VESTRAC" containing, but not limited to:

(A). Manuel Sanchez, FBI records entailing the exact
date when Sanchez officially became a FBI Informant, and Subse-
quently a FBI paid Informant.

(B).  Manuel Sanchez, complete FBI payment history, and records of payments or rewards given by other Federal and State agencies to Sanchez while and in the capacity of a FBI Informant.

(C).  Manuel Sanchez, FBI records entailing the non-payments of income taxes to the IRS on his Informant earnings and payments made by the FBI agency to Sanchez, or by other Federal and State agencies.

(D).  Manuel Sanchez, FBI records entailing the number of times the FBI agency and its agents has intervened on Sanchez behalf to prevent and avoid criminal prosecution(s) in connection to the income tax evasion or other criminal acts committed by Sanchez while working as a FBI Informant.

(E).  Manuel Sanchez, FBI records outlining the past 36 years of his criminal career and lengthly criminal conviction(s) history, in addition to any and all arrest records of Sanchez regardless of non-prosecution, as well as any pending criminal cases.

(F).  Manuel Sanchez, FBI records entailing any and all accusations of misconduct committed by Sanchez while working as a FBI Informant.

(G).  Manuel Sanchez, FBI records of any and all administrative sanctions imposed on Sanchez for dishonesty, false claims, or other type of deceit and misconduct.

(H).  Manuel Sanchez, FBI records of all case names, numbers, and Judicial Districts where Sanchez has testified under oath.

(I).  Manuel Sanchez, FBI records entailing all investigatory reports, reports or evidentiary and/or Scientific information findings, wants, warrants, and/or detainers, final and closing investigation reports, any and all information, electronic Data associated to Sanchez.

(4).  The FBI agency has already confirmed previously the status of Manuel Sanchez as a FBI Informant to the requester herein. "(W)hen an Informants' status has been officially confirmed... the agency must acknowledge the existence of any records it holds". Benavides v. Drug Enforcement Administration, 968 F.2d 1243, 1246 (D.C. Cir. 1992).

(5).  No FOIA exception permits the FBI to withhold this information. Specifically Manny Sanchez has no privacy interest in this information, as he has waived such interest through public testimony in multiple criminal trials, and the public interest in disclosure is compelling, because of possible agency misconduct. Bennett v. Drug Enforcement Administration, 55 F. Supp. 2d 36 (D.D.C. 1999).

(6).  It is further requested that your agency in response to the material requested specifically inform me if and to whom the file and/or any material therein contained has been released to any identifiable individual or agency, their name, title, purpose and need for such information, the date of such release, the specific material that was released, the person within your agency who released such information, and the specific reference for that

(2)

authority, statute or regulation, governing such release (5 U.S.C. 552a(d)(1); <u>Paton v. La Parde</u>,524 F.2d 862 (CA 3 1975), <u>Tarlton v. Saxbe</u>, 507 F.2d 1116, 165 U.S. App. D.C. 293 (1974), of <u>Linda RS. v. Richard D.</u>, 410 U.S. 614, 93 S. Ct. 1146, 35 L.ed. 2d 536 (1973).

7). If for any reason you choose not to send me any of the information or documents requested, then please furnish me with a "Vaughn Index" as set forth in <u>Vaughn v. Rosen</u>, 484 F.2d 820 (D.C. 1973).

8). It is further requested that your agency provide me with a copy of the specific regulations of your Department as provided by statute (5 U.S.C. 552) so that compliance with such regulations is adhered to except as otherwise provided by Law (5 U.S.C. 701 et. seq.).

9). This request is made under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 552a)(together with the alternate means of access), to permit access to records on file with your agency. If and for any reason it is determined that portions of the materials and records sought is exempt by statute or by regulation, I request specific citation to authority for such deletion.

10). Please send me pursuant to 28 CFR Section 16.6 (A) an acknowledgment of my request upon receipt and please provide me with a request number for future reference.

11). Pursuant to Title 5 U.S.C. 552a(6)(A)(i), it should be noted that your agency has twenty (20) working days following the receipt of this request to provide the information and materials requested.

12). I Peter J. Hidalgo, hereby swear under the penalty of perjury that I am requesting all the above information and documents in order to prove and expose to the public domain the FBI agencys' misconduct with its mishandling of a rogue FBI paid Infomant.

Respectfully Submitted,

Peter J. Hidalgo

(3)

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

PETER J. HIDALGO,              :
                            :
        Plaintiff,       :
                            :
    v.                    :   Civil Action No. 04-0562 (JR)
                            :
FEDERAL BUREAU OF INVESTIGATION, :
                            :
        Defendant.      :

### MEMORANDUM ORDER

In November 2003, plaintiff, a federal inmate, filed a FOIA request with FBI Headquarters requesting information on Manny Sanchez, an FBI informant. Until very recently, the FBI refused to confirm or deny the existence of any responsive records, and made only a so-called "Glomar" response.[1] Plaintiff sued to compel production of documents. Both sides have moved for summary judgment.

In his motion, plaintiff has produced numerous court transcripts and other materials demonstrating, at least for some cases, that Sanchez's status as an FBI informant is publicly known. On June 21, 2005, in its opposition to plaintiff's motion, the FBI acknowledged for the first time that it does have

---

[1] This is plaintiff's second run at the same documents. In the first case, No. 00-0709, I ruled that the government's blanket assertion of FOIA Exemption 6 was appropriate. Memorandum of March 16, 2001. Plaintiff has filed a new FOIA request since then, however, and this time around he is represented by counsel who have made a considerably more substantial factual showing.

a duty to respond to plaintiff's request insofar as it touches matters in which Sanchez's role as a cooperator has been officially acknowledged.  Def.'s Opp'n at 10.  The FBI's brief is vague, but it appears to argue now that the FBI performed a search for those documents whose existence it was willing to confirm or deny and found nothing responsive to plaintiff's FOIA request.[2]  See id. at 18 n.4.  It has provided no information about that search, and it insists that the Glomar response is still appropriate for all other records.

        "[T]he agency must show that it made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested."  Oglesby v. U.S. Dept. of Army, 920 F.2d 57, 68 (D.C. Cir. 1990).  Further, the agency must file a "reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched."  Id.  Here, although apparently admitting that it did perform a search, and that it was required to do so, the government has provided none of the required details.

---

        [2] The FBI also indicated for the first time that it interpreted plaintiff's FOIA request to apply only to FBI headquarters, and not to any field offices.  Plaintiff was still operating pro se at the time of his FOIA request and presumably did not intend his request to be so interpreted, but the FBI is correct that separate FOIA requests are required for headquarters and field offices.  28 C.F.R. § 16.3.

The government continues to assert, for documents that relate to cases in which Sanchez's role has not been publicly acknowledged, that a Glomar response is appropriate. The argument invokes FOIA Exemption 7(C), which provides for the release of "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). Whether a Glomar response is appropriate under Exemption 7(C) requires "an ad hoc balancing of private and public interests." Nation Magazine v. U.S. Customs Serv., 71 F.3d 885, 893 (D.C. Cir. 1995). The government claims that it issued the Glomar response because "[m]erely affirming that an individual is mentioned in FBI records can have a potentially embarrassing or stigmatizing effect." Hardy Decl. at ¶ 14. Avoidance of such stigma is often a legitimate privacy interest to consider in the ad hoc balancing, see, e.g., Nation Magazine, 71 F.3d at 893, but it is hard to find stigma in this case. The information presented by the FBI shows that Sanchez has a very extensive criminal history, including seven convictions for narcotics, robbery, and escape from prison. See Pl.'s Mot. Summ. J. at 23. He has served as an FBI informant in a number of cases, has been paid a great deal of money for his assistance, and has admitted not paying income taxes. See id. at

- 3 -

23-30.  Sanchez is hardly stigmatized by public confirmation of the fact that the FBI has files on him.  This is not to say that Sanchez waived all of his privacy interests completely upon becoming an informant, see Coleman v. FBI, 13 F. Supp. 2d 75, 80 (D.D.C. 1998) (citing Burge v. Eastburn, 934 F.2d 577, 579 (5th Cir.1991) for proposition that "[a]n individual who testifies at trial does not waive this privacy interest beyond the scope of the trial record"), but only that FBI acknowledgment of the fact that it has documents on Sanchez does no incremental harm to Sanchez's reputation.  See Bennett v. DEA, 55 F. Supp. 2d 36, 41-43 (D.D.C. 1999) ("career" informant gave up privacy rights to FBI records).

          Although the government has placed no privacy interest in the balance, it is the plaintiff who has the burden of demonstrating that the public interest would be served by granting his FOIA request.  Plaintiff's interest in overturning his own conviction has no public interest weight, see Oguaju v. U.S., 288 F.3d 448, 450 (D.C. Cir. 2002), reversed and remanded on other grounds, 541 U.S. 970 (2004), but plaintiff has made a number of disturbing allegations, with evidence to back them up, relating to the FBI's relationship with Sanchez.  He presents trial transcripts showing substantial inconsistencies in trial testimony as to the length of Sanchez's employment by the FBI, how much he was paid, and his past criminal record.  See Pl.'s

- 4 -

Mot. Summ. J. at 23-28.  The evidence presented also suggests
that Sanchez may have violated the law with impunity while
serving as an informant, see id. at 28-31, even failing to pay
taxes on the money received from the government, with apparent
immunity from prosecution, cf. United States v. Shaffer, 789 F.2d
682, 691 (9th Cir. 1986) (government's failure to pursue income
tax liability indicates "secret deal of leniency" in exchange for
cooperation that negatively impacts witness's credibility).
Plaintiff "must establish more than a bare suspicion in order to
obtain disclosure.  Rather, the requester must produce evidence
that would warrant a belief by a reasonable person that the
alleged Government impropriety might have occurred."  Nat'l
Archives and Records Admin. v. Favish, 541 U.S. 157, 174 (U.S.
2004).  This is a high standard, and a close call, but plaintiff
has satisfied it.  Plaintiff's showing of public interest is not
overwhelming, but it weighs more than nothing.  See Bennett v.
DEA, 55 F. Supp. 2d 36, 41-43 (public interest in exposing DEA
misconduct outweighs privacy interest of "career" informant).

        The government also invokes FOIA Exemption 7(D), for
records or information that "could reasonably be expected to
disclose the identity of a confidential source . . . [or]
information furnished by a confidential source," 5 U.S.C.
§ 552(b)(7)(D), to justify a Glomar response for material
relating to information activities that have not been officially

- 5 -

acknowledged.  But the government has not begun to make the

showing that is necessary to support its reliance on Exemption 7.

Sanchez's identity as a cooperator is open and notorious.  The

government has not shown that he would in any way be subjected to

"harassment and actual danger," Antonelli v. FBI, 721 F.2d 615,

618 (7th Cir. 1983), if the government were to acknowledge the

mere existence of records indicating that he is a source in cases

that plaintiff does not know about.  If the government wishes to

exclude specific "information furnished by a confidential

source," it may seek a specific 7(D) exemption for that

information, with an appropriate Vaughn index.

        Both motions for summary judgment [# 16, # 19] are

**denied.**  The FBI must demonstrate that it has searched its

records and must either provide the documents requested or

produce a Vaughn index.

        It is **SO ORDERED.**


                                JAMES ROBERTSON
                            United States District Judge


- 6 -

**P E T E R   J.   H I D A L G O**
37498-004
U.S.P. Coleman
P.O. Box 1033
Coleman, Fl 33521-1033

**November 3, 2003**

Federal Bureau Investigation (FBI)
Freedom of Information Request
J. Edgar Hoover Building
9th Pennsylvania Ave., N.W.
Washington, D.C. 20535

     **RE:    Freedom of Information Act request on Manny (Manuel)
            Sanchez FBI Informant/MM-5177-CW(D), pursuant to the
            FOIA/PA, 5 U.S.C. 552; 5 U.S.C. 552a.**

Dear Sir/Madame FOIA Officer:

    1).  This letter will serve as a formal request pursuant to
the provisions of the Freedom of Information Act (5 U.S.C. 552)
and the Privacy Act (5 U.S.C. 552a(d)(1)), and the State Statutes
governing Freedom of Information requests, for full disclosure
and release of all "systems of records" and data contained in
the files of your agency, specifically under the name of Manny
(Manuel) Sanchez FBI Informant (MM-5177-CW(D)), or identifier
assigned to that name.

    2).  The following FOIA request specifically is for the
agency's compiled file of Manny Sanchez containing, but not
limited to:

        (A).  Manny Sanchez, FBI records entailing the exact
date when Sanchez officially became a FBI informant, and Subse-
quently a FBI paid informant.
        (B).  Manny Sanchez, complete FBI payment history, and
records of payments or rewards given by other Federal and State
agencies to Sanchez while and in the capacity of a FBI informant.
        (C).  Manny Sanchez, FBI records entailing the non-
payment of income taxes to the IRS on his informant earnings and
payments made by the FBI agency to Sanchez, or by other Federal
and State agencies.
        (D).  Manny Sanchez, FBI records entailing the number
of times the FBI agency and its agents has intervened on Sanchez
behalf to prevent and avoid criminal prosecution[s] in connection
to the income tax evasion or other criminal acts committed by
Sanchez while working as a FBI informant.

(E).  Manny Sanchez, FBI records outlining the past 36 years of his criminal career and lengthly criminal conviction[s] history, in addition to any and all arrest records of Sanchez regardless of non-prosecution, as well as any pending criminal cases.

(F).  Manny Sanchez, FBI records entailing any and all accussations of misconduct committed by Sanchez while working as a FBI informant.

(G).  Manny Sanchez, FBI records of any and all administrative sanctions imposed on Sanchez for dishonesty, false claims, or other type of deceit and misconduct.

(H).  Manny Sanchez, FBI records of all case names, numbers, and Judicial districts where Sanchez has testified under oath.

(I).  Manny Sanchez, FBI records entailing all investigatory reports, reports or evidentiary and/or Scientific information findings, wants, warrants, and/or detainers, final and closing investigation reports, any and all information, electronic data associated to Sanchez.

3).  The FBI agency has already confirmed previously the status of Manny Sanchez as a FBI Informant to the requester herein."[W]hen an informants' status has been officially confirmed... the agency must acknowledge the existence of any records it holds." Benavides v. Drug Enforcement Administration,968 F.2d 1243, 1246 (D.C. Cir 1992).

4).  No FOIA exception permits the FBI to withhold this information. Specifically Manny Sanchez has no privacy interest in this information, as he has waived such interest through public testimony in multiple criminal trials, and the public interest in disclosure is compelling, because of possible agency misconduct. Bennett v. Drug Enforcement Administration, 55 F.Supp. 2d 36 (D.D.C. 1999).

5).  It is further requested that your agency in response to the material requested specifically inform me if and to whom the file and/or any material therein contained has been released to any identifiable individual or agency, their name, title, purpose and need for such information, the date of such release, the specific material that was released, the person within your agency who released such information, and the specific reference for that authority, statute or regulation, governing such release (5 U.S.C. 552a(d)(1), Paton v. La Parde, 524 F.2d 862 (CA 3 1975), Tarlton v. Saxbe, 507 F.2d 1116, 165 U.S. App. D.C. 293 (1974), of Linda RS. v. Richard D., 410 U.S. 614, 93 S.Ct. 1146, 35 L.ed. 2d 536 (1973).

6).  If for any reason you choose not to send me any of the information or documents requested, then please furnish me with a "Vaughn Index" as set forth in Vaughn v. Rosen, 484 F.2d 820 (D.C. 1973).

(2)

7).  It is further requested that your agency provide me with a copy of the specific regulations of your Department as provided by statute (5 U.S.C. 552) so that compliance with such regulations is adhered to except as otherwise provided by law (5 U.S.C. 701 et. seq.).

8).  The request is made under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 552a)(together with the alternate means of access), to permit access to records on file with your agency. If and for any reason it is determined that portions of the materials and records sought is exempt by statute or by regulation, I request specific citation to authority for such deletion.

9).  Please send me pursuant to 28 CFR Section 16.6(A) an acknowledgment of my request upon receipt and please provide me with a request number for future reference.

10).  Pursuant to title 5 U.S.C. § 552a(6)(A)(i), it should be noted that your agency has twenty (20) working days following the receipt of this request to provide the information and materials requested.

11).  I Peter J. Hidalgo, hereby swear under the penalty of perjury that I am requesting all the above information and documents in order to prove and expose to the public domain the FBI agencys' misconduct with its mishandling of a rogue FBI paid Informant.

Respectfully Submitted,

Peter J. Hidalgo

(3)

## CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

OFFICIAL USE

Federal Bureau Investigations
J. Edgar Hoover Building

| | |
|---|---|
| Postage | $ .37 |
| Certified Fee | 2.30 |
| Return Receipt Fee (Endorsement Required) | 1.75 |
| Restricted Delivery Fee (Endorsement Required) | 2003 NOV -4  A 6:46 |
| Total Postage & Fees | $ 4.42 |

FCC COLEMAN
USP FACILITY
MAILROOM

(F)

Sent To
Peter J. Hidalgo/37498-004/F119

Street, Apt. No.; or PO Box No.
P.O. Box 1033

City, State, ZIP+4
Coleman, Fl 33521-1033

PS Form 3800, May 2000                See Reverse for Instructions

7000 1670 0011 8579 5117

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Federal Bureau Investigations
Freedom of Info. Request
J. Edgar Hoover Building
9th Pennsylvania Ave., N.W.
Washington, D.C. 20535

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Dupries I_    ☐ Agent  ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

X _mu_    X 11/8/07

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered   ☒ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)    7000 1670 0011 8579 5117

PS Form 3811, August 2001    Domestic Return Receipt    102595-01-M-2509

# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PETER J. HIDALGO,                           :
                                            :
            Plaintiff,                      :
                                            :
      v.                                    :  Civil Action No. 04-0562 (JR)
                                            :
FEDERAL BUREAU OF INVESTIGATION,            :
                                            :
            Defendant.                      :

MEMORANDUM ORDER

In November 2003, plaintiff, a federal inmate, filed a
FOIA request with FBI Headquarters requesting information on
Manny Sanchez, an FBI informant.  Until very recently, the FBI
refused to confirm or deny the existence of any responsive
records, and made only a so-called "Glomar" response.[1]  Plaintiff
sued to compel production of documents.  Both sides have moved
for summary judgment.

In his motion, plaintiff has produced numerous court
transcripts and other materials demonstrating, at least for some
cases, that Sanchez's status as an FBI informant is publicly
known.  On June 21, 2005, in its opposition to plaintiff's
motion, the FBI acknowledged for the first time that it does have

_____

[1] This is plaintiff's second run at the same documents.  In
the first case, No. 00-0709, I ruled that the government's
blanket assertion of FOIA Exemption 6 was appropriate.
Memorandum of March 16, 2001.  Plaintiff has filed a new FOIA
request since then, however, and this time around he is
represented by counsel who have made a considerably more
substantial factual showing.

a duty to respond to plaintiff's request insofar as it touches matters in which Sanchez's role as a cooperator has been officially acknowledged. Def.'s Opp'n at 10. The FBI's brief is vague, but it appears to argue now that the FBI performed a search for those documents whose existence it was willing to confirm or deny and found nothing responsive to plaintiff's FOIA request.[2] See id. at 18 n.4. It has provided no information about that search, and it insists that the Glomar response is still appropriate for all other records.

"[T]he agency must show that it made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." Oglesby v. U.S. Dept. of Army, 920 F.2d 57, 68 (D.C. Cir. 1990). Further, the agency must file a "reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched." Id. Here, although apparently admitting that it did perform a search, and that it was required to do so, the government has provided none of the required details.

─────────────

[2] The FBI also indicated for the first time that it interpreted plaintiff's FOIA request to apply only to FBI headquarters, and not to any field offices. Plaintiff was still operating pro se at the time of his FOIA request and presumably did not intend his request to be so interpreted, but the FBI is correct that separate FOIA requests are required for headquarters and field offices. 28 C.F.R. § 16.3.

The government continues to assert, for documents that
relate to cases in which Sanchez's role has not been publicly
acknowledged, that a Glomar response is appropriate.  The
argument invokes FOIA Exemption 7(C), which provides for the
release of "records or information compiled for law enforcement
purposes, but only to the extent that the production of such law
enforcement records or information . . . could reasonably be
expected to constitute an unwarranted invasion of personal
privacy."  5 U.S.C. § 552(b)(7)(C).  Whether a Glomar response is
appropriate under Exemption 7(C) requires "an ad hoc balancing of
private and public interests."  Nation Magazine v. U.S. Customs
Serv., 71 F.3d 885, 893 (D.C. Cir. 1995).  The government claims
that it issued the Glomar response because "[m]erely affirming
that an individual is mentioned in FBI records can have a
potentially embarrassing or stigmatizing effect."  Hardy Decl. at
¶ 14.  Avoidance of such stigma is often a legitimate privacy
interest to consider in the ad hoc balancing, see, e.g., Nation
Magazine, 71 F.3d at 893, but it is hard to find stigma in this
case.  The information presented by the FBI shows that Sanchez
has a very extensive criminal history, including seven
convictions for narcotics, robbery, and escape from prison.  See
Pl.'s Mot. Summ. J. at 23.  He has served as an FBI informant in
a number of cases, has been paid a great deal of money for his
assistance, and has admitted not paying income taxes.  See id. at

- 3 -

23-30.  Sanchez is hardly stigmatized by public confirmation of
the fact that the FBI has files on him.  This is not to say that
Sanchez waived all of his privacy interests completely upon
becoming an informant, see Coleman v. FBI, 13 F. Supp. 2d 75, 80
(D.D.C. 1998) (citing Burge v. Eastburn, 934 F.2d 577, 579 (5th
Cir.1991) for proposition that "[a]n individual who testifies at
trial does not waive this privacy interest beyond the scope of
the trial record"), but only that FBI acknowledgment of the fact
that it has documents on Sanchez does no incremental harm to
Sanchez's reputation.  See Bennett v. DEA, 55 F. Supp. 2d 36, 41-
43 (D.D.C. 1999) ("career" informant gave up privacy rights to
FBI records).

        Although the government has placed no privacy interest
in the balance, it is the plaintiff who has the burden of
demonstrating that the public interest would be served by
granting his FOIA request.  Plaintiff's interest in overturning
his own conviction has no public interest weight, see Oguaju v.
U.S., 288 F.3d 448, 450 (D.C. Cir. 2002), reversed and remanded
on other grounds, 541 U.S. 970 (2004), but plaintiff has made a
number of disturbing allegations, with evidence to back them up,
relating to the FBI's relationship with Sanchez.  He presents
trial transcripts showing substantial inconsistencies in trial
testimony as to the length of Sanchez's employment by the FBI,
how much he was paid, and his past criminal record.  See Pl.'s

- 4 -

Mot. Summ. J. at 23-28.  The evidence presented also suggests that Sanchez may have violated the law with impunity while serving as an informant, <u>see id.</u> at 28-31, even failing to pay taxes on the money received from the government, with apparent immunity from prosecution, <u>cf. United States v. Shaffer</u>, 789 F.2d 682, 691 (9th Cir. 1986) (government's failure to pursue income tax liability indicates "secret deal of leniency" in exchange for cooperation that negatively impacts witness's credibility). Plaintiff "must establish more than a bare suspicion in order to obtain disclosure.  Rather, the requester must produce evidence that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred." <u>Nat'l Archives and Records Admin. v. Favish</u>, 541 U.S. 157, 174 (U.S. 2004).  This is a high standard, and a close call, but plaintiff has satisfied it.  Plaintiff's showing of public interest is not overwhelming, but it weighs more than nothing.  <u>See</u> <u>Bennett v. DEA</u>, 55 F. Supp. 2d 36, 41-43 (public interest in exposing DEA misconduct outweighs privacy interest of "career" informant).

The government also invokes FOIA Exemption 7(D), for records or information that "could reasonably be expected to disclose the identity of a confidential source . . . [or] information furnished by a confidential source," 5 U.S.C. § 552(b)(7)(D), to justify a Glomar response for material relating to information activities that have not been officially

- 5 -

acknowledged. But the government has not begun to make the showing that is necessary to support its reliance on Exemption 7. Sanchez's identity as a cooperator is open and notorious. The government has not shown that he would in any way be subjected to "harassment and actual danger," Antonelli v. FBI, 721 F.2d 615, 618 (7th Cir. 1983), if the government were to acknowledge the mere existence of records indicating that he is a source in cases that plaintiff does not know about. If the government wishes to exclude specific "information furnished by a confidential source," it may seek a specific 7(D) exemption for that information, with an appropriate Vaughn index.

Both motions for summary judgment [# 16, # 19] are **denied.** The FBI must demonstrate that it has searched its records and must either provide the documents requested or produce a Vaughn index.

It is **SO ORDERED.**


JAMES ROBERTSON
United States District Judge

# EXHIBIT C



U.S. Department of Justice

Federal Bureau of Investigation

*Washington, D.C. 20535*

March 3, 2006

William R. Nifong, Esquire
O'Melveny & Myers LLP
1625 Eye Street, Northwest
Washington, D.C.  20006

Dear Mr. Nifong:

A copy of your letter asking for information maintained by the FBI under the Freedom of Information Act (FOIA) concerning another individual is being returned to you.  Your request was forwarded to FBI Headquarters from the Miami Field Office.

Before we commence processing your request for records pertaining to another individual, we ask that you submit to the FBI proof of death about that person.  Proof of death can be a copy of a death certificate, obituary or a recognized reference source.  Death is presumed if the birth date of the subject is more than 100 years ago.  Without proof of death, the disclosure of law enforcement records or information about another person is considered an unwarranted invasion of personal privacy.  Such records, if they exist, are exempt from disclosure pursuant to Exemptions (b)(6) and/or (b)(7)(C) of the FOIA, Title 5, United States Code, Section 552.

Please note that mail addressed to the FBI is delayed several weeks due to increased security procedures now in place.

In order to ensure an accurate search of our records, please provide your subject's complete name, date of birth and place of birth, if you have not already done so.

Once you have provided us with the necessary information, as described above, we will conduct a search of our records and advise you of the results.

This response should not be considered an indication of whether or not records responsive to your request exist in FBI files.

You may appeal this denial by writing to the Co-Director, Office of Information and Privacy, United States Department of Justice, Suite 11050, 1425 New York Avenue, Northwest, Washington, D. C. 20530-0001, within sixty days from the date of this letter.  The envelope and the letter should be clearly marked "Freedom of Information Appeal".

Sincerely yours,

David M. Hardy /deh

David M. Hardy
Section Chief
Records Information
    Dissemination Section
Records Management Division

**All Attached Correspondence Must Be Returned to the FBI With This Letter**

# Privacy Waiver and Certification of Identity

FOIPA Request Number _____
                                                    (if known)

Full Name: _____

Current Address: _____

_____

Date of Birth: _____ Place of Birth: _____

(Optional: Prior addresses, employments, aliases, etc., which may assist the FBI in locating the
requested information) _____

_____

_____

**I hereby waive my right to privacy, and I authorize the FBI to release any and all
information relating to me to :**

**(name, address, & phone of Attorney or other Designee)**

_____

_____

_____

_____

Under penalty of perjury, I hereby declare that I am the person described above and
understand that any falsification of this statement is punishable under the provisions of Title 18, United
States Code (U.S.C.), Section 1001 by a fine of not more than $10,000 or by imprisonment of not more
than five years, or both; and that requesting or obtaining any record(s) under false pretenses is
punishable under the provisions of Title 5, U.S.C., Section 552a (i)(3) as a misdemeanor and by a fine
of not more than $5,000.

Signature:_____ Date: _____

# EXHIBIT D

**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*                     *Washington, D.C. 20530*


William R. Nifong, Esq.
O'Melveny & Myers, LLP
1625 Eye Street, NW                     MAY 0 9 2006
Washington, DC 20006-4001

      Re:  Your letter of April 26, 2006 - Peter J. Hidalgo

Dear Mr. Nifong:

      This is to advise you that your administrative appeal from the action of the Federal Bureau of Investigation was received by this Office on May 1, 2006.

      The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours.  In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt.  Your appeal has been assigned number **06-1908**.  Please mention this number in any future correspondence to this Office regarding this matter.

      We will notify you of the decision on your appeal as soon as we can.  We regret the necessity of this delay and appreciate your continued patience.

                 Sincerely,

                 Priscilla Jones
                 Chief, Administrative Staff

# EXHIBIT E

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X _____ ☐ Agent
☐ Addressee

B. Received by ( *Printed Name* )    C. Date of Delivery

Suzanne Renke _____ 2/13

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

1. Article Addressed to:

Federal Bureau of Investigation
(FBI)
Freedom of Information Request
Miami Field Office
16320 N.W. 2nd Avenue
Miami, FL 33169

3. Service Type
☑ Certified Mail    ☐ Express Mail
☐ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (*Extra Fee*)    ☐ Yes

2. Article Number
(Transfer from service label)    7002 0860 0001 3348 7069

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

MIAMI FL 33169   C I A L   U S E

7002 0860 0001 3348 7069

| | |
|---|---|
| Postage | $ |
| Certified Fee | 2.70 |
| Return Receipt Fee (Endorsement Required) | 1.75 |
| Restricted Delivery Fee (Endorsement Required) | $0.00 |
| Total Postage & Fees | $ 5.16 |

NATIONAL CAPITAL STATION
FEB 7 2006
WASHINGTON, DC

Sent To   FBI - Freedom of Information
Request - Miami Field Office
Street, Apt. No.; or PO Box No.   16320 N.W. 2nd Avenue
City, State, ZIP+4   Miami, FL 33169

PS Form 3800, April 2002    See Reverse for Instructions

# EXHIBIT F



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

March 3, 2006

William R. Nifong, Esquire
O'Melveny & Myers LLP
1625 Eye Street, Northwest
Washington, D.C.  20006

Dear Mr. Nifong:

A copy of your letter asking for information maintained by the FBI under the Freedom of Information Act (FOIA) concerning another individual is being returned to you.  Your request was forwarded to FBI Headquarters from the Miami Field Office.

Before we commence processing your request for records pertaining to another individual, we ask that you submit to the FBI proof of death about that person.  Proof of death can be a copy of a death certificate, obituary or a recognized reference source.  Death is presumed if the birth date of the subject is more than 100 years ago.  Without proof of death, the disclosure of law enforcement records or information about another person is considered an unwarranted invasion of personal privacy.  Such records, if they exist, are exempt from disclosure pursuant to Exemptions (b)(6) and/or (b)(7)(C) of the FOIA, Title 5, United States Code, Section 552.

Please note that mail addressed to the FBI is delayed several weeks due to increased security procedures now in place.

In order to ensure an accurate search of our records, please provide your subject's complete name, date of birth and place of birth, if you have not already done so.

Once you have provided us with the necessary information, as described above, we will conduct a search of our records and advise you of the results.

This response should not be considered an indication of whether or not records responsive to your request exist in FBI files.

You may appeal this denial by writing to the Co-Director, Office of Information and Privacy, United States Department of Justice, Suite 11050, 1425 New York Avenue, Northwest, Washington, D. C. 20530-0001, within sixty days from the date of this letter.  The envelope and the letter should be clearly marked "Freedom of Information Appeal".

Sincerely yours,

*David M. Hardy /dch*

David M. Hardy
Section Chief
Records Information
    Dissemination Section
Records Management Division

**All Attached Correspondence Must Be Returned to the FBI With This Letter**

# Privacy Waiver and Certification of Identity

FOIPA Request Number _____

(if known)

Full Name: _____

Current Address: _____

_____

Date of Birth: _____ Place of Birth: _____

(Optional: Prior addresses, employments, aliases, etc., which may assist the FBI in locating the requested information) _____

_____

_____

**I hereby waive my right to privacy, and I authorize the FBI to release any and all information relating to me to :**

**(name, address, & phone of Attorney or other Designee)**

_____

_____

_____

_____

Under penalty of perjury, I hereby declare that I am the person described above and understand that any falsification of this statement is punishable under the provisions of Title 18, United States Code (U.S.C.), Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years, or both; and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of Title 5, U.S.C., Section 552a (i)(3) as a misdemeanor and by a fine of not more than $5,000.

Signature:_____ Date: _____