UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PETER J. HIDALGO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 06-1513 (JR) |
| ) | |
| FEDERAL BUREAU OF ) | |
| INVESTIGATION, ) | |
| ) | |
| Defendant. ) | |

# ATTACHMENT C

FILE COPY

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROY LEE RUSSELL,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF<br>INVESTIGATION,<br><br>Defendant. | Civil Action No. 03-0611 (JR) |

## MEMORANDUM OPINION

This is an action brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. §552. Both plaintiff and defendant have filed motions for summary judgment. Based on the undisputed facts, the parties' filings, and the existing legal authority, defendant's motions for summary judgment will be granted and judgment entered in favor of the defendant.

*I. Background*

By a letter dated April 13, 2001, plaintiff submitted a FOIA request to the headquarters of the Federal Bureau of Investigation ("FBI") for files containing copies of pay vouchers and contracts regarding payment agreements maintained under his name for the time period of the summer of 1997 through March, 1998. Defendant's Motion for Summary Judgment, Declaration of Keith R. Gehle ("Gehle Decl.") ¶ 5.[1] On May 11, 2001, FBI headquarters notified plaintiff that "based on information furnished, a search of the automated indices to the Central Records System

---

[1] This reference is to the motion for summary judgment filed on July 18, 2003.

files, as well as a manual search of the files at FBIHQ, located no records responsive to [your] request." *Id.*, ¶ 8.

On May 15, 2001, plaintiff filed an administrative appeal with the Office of Information and Privacy ("OIP"), requesting a re-investigation. *Id.*, ¶ 9. By letter dated October 1, 2002, OIP advised plaintiff that the FBI's original response to his records request was correct. *Id.*, ¶ 14.

On November 25, 2002, plaintiff submitted another FOIA request to the FBI Field Office in Little Rock, Arkansas. Plaintiff requested copies of pay vouchers and contracts regarding payment for services he provided to the FBI as an informant during the summer of 1997 through March, 1998. Defendant's Motion for Summary Judgment, Declaration of Carol L. Keeley ("Keeley Decl."), ¶ 5.[2] By letter dated January 30, 2003, plaintiff was advised that the Little Rock office had conducted a search and had found records responsive to his request, but due to administrative resource constraints, the records were being forwarded to FBI headquarters for processing. *Id.*, ¶ 9.

A total of 850 pages of documents were forwarded by the Little Rock office. FBI headquarters determined that 52 pages were responsive to plaintiff's request. *Id.*, ¶ 15. Prior to the release of the records, plaintiff filed an appeal with the OIP. *Id.*, ¶ 12. Plaintiff was advised by OIP that his appeal was premature because the FBI had not yet responded to his records request. *Id.*, ¶ 13.

---

[2] This reference is to defendant's second motion for summary judgment, filed on September 17, 2003.

On September 12, 2003, the FBI released 52 pages of documents to plaintiff with redactions pursuant to FOIA Exemptions 2 and 7(C). *Id.*, ¶ 15. Plaintiff filed this cause of action on March 6, 2003.

*II. Standard of Review*

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate if the pleadings on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. Rule 56(c). Material facts are those that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment bears the initial burden of demonstrating an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Tao v. Freeh*, 27 F.3d 635, 638 (D.C. Cir. 1994).

In considering whether there is a triable issue of fact, the Court must draw all reasonable inferences in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 255; *see also Washington Post Co. v. United States Dep't of Health and Human Servs.*, 865 F.2d 320, 325 (D.C. Cir. 1989). The party opposing a motion for summary judgment, however, "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248. The non-moving party must do more than simply "show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Moreover, "any factual assertions in the movant's affidavits will be accepted as being true unless [the opposing party] submits his own affidavits or other documentary evidence

contradicting the assertion." *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir.1992) (quoting *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)). The mere existence of a factual dispute by itself, however, is not enough to bar summary judgment. The party opposing the motion must show that there is a genuine issue of *material* fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 247-48. To be material, the fact must be capable of affecting the outcome of the litigation; to be genuine, the issue must be supported by admissible evidence sufficient for a reasonable trier of fact to find in favor of the nonmoving party. *See id.; Laningham v. United States Navy*, 813 F.2d 1236, 1242-43 (D.C. Cir. 1987).

FOIA cases are typically and appropriately decided on motions for summary judgment. *Miscavige v. IRS*, 2 F.3d 366, 368 (11th Cir. 1993); *Rushford v. Civiletti*, 485 F.Supp. 477, 481 n.13 (D.D.C. 1980). In a FOIA case, the Court may award summary judgment solely on the basis of information provided by the department or agency in affidavits or declarations when the affidavits or declarations describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C.Cir. 1981); *see also Vaughn v. Rosen*, 484 F.2d 820, 826-28 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974). Agency affidavits or declarations must be "relatively detailed and non-conclusory . . ." *SafeCard Services v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991). Such affidavits or declarations are accorded "a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents." *Id.* (internal citation and quotation omitted). An agency must demonstrate that "each document that

falls within the class requested either has been produced, is unidentifiable, or is wholly [or partially] exempt from the Act's inspection requirements." *Goland v. CIA*, 607 F.2d 339, 352 (D.C. Cir. 1978)(internal citation and quotation omitted).

III. Discussion

### A. Adequacy of the Search

When, as in this case, plaintiff is challenging the adequacy of an agency's search, to obtain summary judgment, an agency must show "viewing the facts in the light most favorable to the requester, that . . . [it] 'has conducted a search reasonably calculated to uncover all relevant documents.'" *Steinberg v. United States Dep't of Justice*, 23 F.3d 548, 552 (D.C. Cir. 1994) (quoting *Weisberg v. United States Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984)). To meet its burden, the agency may rely on good faith affidavits or declarations that explain in reasonable detail and in a non-conclusory fashion the scope and method of the agency's search. *See Perry v. Block*, 684 F.2d 121, 126 (D.C. Cir. 1982). In the absence of contrary evidence or apparent inconsistency of proof, such affidavits or declarations are sufficient to demonstrate an agency's compliance with the FOIA. *See id.* at 127. The agency must show that it made a "good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Oglesby v. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990); *see Campbell v. United States Dep't of Justice*, 164 F.3d 20, 27 (D.C. Cir. 1998). In determining the adequacy of a FOIA search, the Court is guided by principles of reasonableness. *Oglesby v. Dep't of the Army*, 920 F.2d at 68.

The method of the FBI's search is explained in a Declaration from Keith R. Gehle, Assistant Chief of the Record/Information Dissemination Section, Records Management Division at the FBI headquarters. *See* Gehle Decl., ¶ 1. The FBI's Central Records System ("CRS")

-5-

consists of administrative, applicant, criminal, personnel, and other files compiled for law enforcement purposes. *Id.*, ¶ 18. The system consist of a numerical sequence of files broken down according to subject matter. *Id.* Certain records are maintained at FBI headquarters and others at pertinent field offices. *Id.* Through the General Indices, FBI headquarters and each field office can access the CRS. The General Indices are arranged in alphabetical order and consist of an index on various subjects, including individuals and organizations. *Id.* The FBI searched the CRS indices in this case using plaintiff's name, date of birth, and social security number as search criteria. *Id.* FBI headquarters found no records responsive to plaintiff's request. *Id.* Using this same search method, the Little Rock Field Office found 850 pages responsive to plaintiff's request. *Id.*, ¶ 22.

It is apparent from the Declaration that defendant has made a "good faith effort to conduct a search for the requested records, using methods which reasonably can be expected to produce the information requested." *Moore v. Aspin*, 916 F.Supp. 32, 35 (D.D.C. 1996)(citing *Oglesby v. Dep't of the Army*, 920 F.2d at 68). As such, defendant's search for plaintiff's requested records was adequate to fulfill defendant's obligations under the FOIA.

### B. Exemption (b)(2)

Exemption 2 protects materials that are "related solely to the internal personnel rules and practices of an agency." 5 U.S.C. § 552(b)(2). It applies to two categories of material: (1) internal agency matters so routine or trivial that they could not be "subject to . . . a genuine and significant public interest;" and (2) internal agency matters of some public interest "where disclosure may risk circumvention" of statutes or agency regulations. *Dep't of the Air Force v. Rose*, 425 U.S. 352, 369-70 (1976); *see Crooker v. Bureau of Alcohol, Tobacco and Firearms*, 670 F.2d 1051,

1073-74 (D.C. Cir. 1981). Generally, courts limit Exemption 2 protection to "trivial administrative matters of no genuine public interest" ("low 2" exempt information), and to information that, if disclosed, "may risk circumvention of agency regulation" ("high 2" exempt information). *Schiller v. NLRB*, 964 F.2d 1205, 1206 (D.C. Cir. 1992); *see Schwaner v. Dep't of the Air Force*, 898 F.2d 793, 795 (D.C. Cir. 1990).

Defendant has asserted this exemption to protect plaintiff's informant source symbol number[3] and informant file number, the funds used for undercover operations, and FBI telephone numbers. As to the first, the defendant asserts that "disclosure of the source number would expose the depth of the FBI's informant coverage which would undermine the integrity of the FBI's informant program." Keeley Decl., ¶ 26. Regarding the informant file number, the defendant states:

> The informant file number consists of a three number classification which is assigned according to the nature of the information normally provided by the source, and a sequentially assigned number that is unique to the particular confidential source. Permanent confidential source file numbers are used exclusively as internal identifiers for administrative control and have no bearing on the substance of the information.

*Id.*, ¶ 28.

Courts have found that there is no significant public interest in disclosure of such identifying information. *See Lesar v. United States Dep't of Justice*, 636 F.2d 472, 485-86 (D.C. Cir. 1980); *Coleman v. FBI*, 13 F.Supp.2d 75, 79 (D.D.C. 1998); *Manna v. United States Dep't of Justice*, 832 F.Supp. 866, 872 (D.N.J. 1993); *Watson v. United States Dep't of Justice*, 799 F.Supp. 193, 195 (D.D.C. 1992). The same holds true here. Since there is no public interest in

---

[3] A symbol source number is comprised of a two or three letter abbreviation which identifies the FBI field office where the source is operating, followed by a sequentially assigned number. Keeley Decl., ¶ 26.

-7-

the information, the FBI's interest in maintaining the integrity of its informant program outweighs any personal benefit to plaintiff.

The same rationale holds true for the funds used for undercover operations and the telephone numbers of special agents and support personnel. The former information "would impede the effectiveness of the FBI's internal law enforcement procedures." Keeley Decl., ¶ 29. In addition, the FBI released to plaintiff the dollar amount of expenses it incurred on his behalf. *Id.* Disclosure of FBI personnel telephone numbers serves no public interest and could lead to harassment. In sum, defendant has properly withheld this information under Exemption (b)(2).

### C. Exemption 7(C)

Exemption 7(C) of the FOIA protects from mandatory disclosure records compiled for law enforcement purposes to the extent that disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 522(b)(7)(C). In determining whether this exemption applies to particular material, the Court must balance the interest in privacy of the individual mentioned in the record against the public's interest in disclosure. *See Beck v. Department of Justice*, 997 F.2d 1489, 1491 (D.C. Cir. 1993); *Stern v. FBI*, 737 F.2d 84, 91 (D.C. Cir. 1984). It is the "interest of the general public, and not that of the private litigant" that the Court considers in this analysis. *Brown v. FBI*, 658 F.2d 71, 75 (2d Cir.1981) (citing *Ditlow v. Shultz*, 517 F.2d 166, 171-72 (D.C. Cir.1975). "[T]he only public interest relevant for purposes of Exemption 7(C) is one that focuses on 'the citizens' right to be informed about what their government is up to.'" *Davis v. U.S. Department of Justice*, 968 F.2d 1276, 1282 (D.C.Cir.1992) (quoting *Department of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 773 (1989)).

-8-

The privacy interests of third parties mentioned in law enforcement files are "substantial," while "[t]he public interest in disclosure [of third-party identities] is not just less substantial, it is insubstantial." *SafeCard Services, Inc.*, 926 F.2d at 1205. Details that "reveal little or nothing about an agency's own conduct" are not part of the public interest for the purposes of Exemption 7(C). *Blanton v. U.S. Dep't of Justice*, 63 F.Supp.2d 35, 45 (D.D.C. 1999)(quoting *Davis v. Department of Justice*, 968 F.2d 1276, 1282 (D.C. Cir. 1992). Even when government misconduct is alleged as the justification for disclosure, "the public interest is insubstantial unless the requester puts forward compelling evidence that the agency denying the FOIA request is engaged in illegal activity and the information sought is necessary in order to confirm or refute that evidence. *Blanton v. U.S. Dep't of Justice*, 63 F.Supp.2d at 45 (internal citation and quotation omitted).

Defendant invokes Exemption 7(C) to protect the names of FBI Special Agents and support personnel, and the names and identifying data concerning third parties. The deletion of the names and identifying information of federal, state and local law enforcement personnel under similar circumstances has been routinely upheld. *See Lesar*, 636 F.2d at 487 (finding legitimate interest in preserving identities of government officials where disclosure could subject them to annoyance or harassment in either their official or private lives); *Pray v. Department of Justice*, 902 F.Supp. 1, 3 (D.D.C. 1995) (possibility of animosity toward FBI agents outweighed any possible benefit of disclosure), *aff'd in relevant part*, 1996 WL 734142 (D.C. Cir. Nov. 20, 1996). In addition, the names and identities of individuals of investigatory interest to law enforcement agencies and those merely mentioned in law enforcement files have been consistently protected from disclosure for the reasons defendant asserts here. *See Perrone*

-9-

*v. FBI*, 908 F.Supp. 24, 26 (D.D.C. 1995) (citing *Department of Justice v. Reporters Committee for Freedom of the Press*, 489 U.S. 749, 779 (1989)); *Baez v. Department of Justice*, 647 F.2d 1328, 1338 (D.C. Cir. 1980); *Branch v. FBI*, 658 F.Supp. 204, 209 (D.D.C. 1987)). In the absence of any compelling evidence that the government agency has engaged in illegal activity, this type of information is exempt from disclosure. *See Spirko v. United States Postal Service*, 147 F.3d 992, 999 (D.C.Cir. 1998); *Voinche v. FBI*, 46 F.Supp.2d 26, 33 (D.D.C. 1999).

With respect to third parties,"Exemption 7(C) takes particular note of the strong interest of individuals, whether they be suspects, witnesses, or investigators, in not being associated unwarrantedly with alleged criminal activity.'" *Fitzgibbon v. CIA*, 911 F.2d 755, 767 (D.C. Cir. 1990) (quoting *Dunkelberger v. Department of Justice*, 906 F.2d 779, 781 (D.C.Cir.1990)) (other citation and internal quotation marks omitted); *see also Computer Professionals for Social Responsibility v. United States Secret Serv.*, 72 F.3d 897, 904 (D.C. Cir.1996) ("records contain[ing] the names of informants, witnesses, and potential suspects who are relevant to its criminal investigation . . . clearly fall within the scope of Exemption 7(C)"). Sources who provide information to law enforcement face reputational harm if their identities are disclosed. *Blanton v. U.S. Dep't of Justice*, 63 F.Supp.2d at 46. Disclosure of the identities of sources would not shed light on the FBI's performance or its statutory duties to enforce the law. *Id.* The privacy interest of a source outweighs the asserted public interest in disclosure. *Id.* Based on these principles, the Court concludes that defendant has properly invoked Exemption 7(C) to protect the identities of law enforcement officials, FBI personnel, and other third parties.

*IV. Conclusion*

Defendant has presented sufficiently detailed descriptions of the withheld information in the documents provided to plaintiff and has provided sufficient justifications for non-disclosure of the withheld records requested by plaintiff under the FOIA. Accordingly, it is

ORDERED that defendant's motions for summary judgment are granted. Plaintiff's motion for summary judgment is denied. Judgment will be entered in favor of the defendant. An appropriate Order will accompany this Opinion.

JAMES ROBERTSON
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROY LEE RUSSELL, )
        Plaintiff, )
v. ) C. A. NO. 03-0611 (JR)
FEDERAL BUREAU OF )
INVESTIGATION, )
        Defendant. )

## ORDER

In accordance with the Memorandum Opinion issued this day, it is

ORDERED that defendant's motions for summary judgment [Dkt.# 22 and Dkt.# 28] are **GRANTED**. Plaintiff's motion for summary judgment [Dkt.# 14] is **DENIED**. Judgment is entered in favor of the defendant. This is a final appealable order. *See* Fed. R. Civ. P. 4(a).

JAMES ROBERTSON
United States District Court