```
                UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF COLUMBIA

PETER J. HIDALGO,              )
                               )
      Plaintiff,               )
                               )
      v.                       )   Civil No. 06-1513 (JR)
                               )
FEDERAL BUREAU OF              )
  INVESTIGATION,               )
                               )
      Defendant.               )
_____)
```

# ATTACHMENT D

FILE COPY
FILED
FEB 23 1996
NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL C. ANTONELLI,         )
                              )
            Plaintiff,        )
                              )
v.                            )    Civil Action No. 93-0109
                              )
UNITED STATES PAROLE          )
COMMISSION et al.,            )
                              )
            Defendants.       )

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendants' motions for summary judgment and plaintiff's pro se motion for a Vaughn index and/or an order directing the production of all FBI documents. It concerns records withheld from the plaintiff subsequent to his Freedom of Information Act ("FOIA") request.

On August 25, 1994, this Court granted summary judgment to two of the defendants; the Bureau of Prisons ("BOP") and the United States Parole Commission ("USPC"). Upon consideration of the parties' submissions, the court will grant the remaining defendants' motion for summary judgment, deny plaintiff's motion for a Vaughn index and/or an order directing the production of all FBI documents.

1.  Facts

On January 15, 1993, plaintiff Michael C. Antonelli filed suit pro se, seeking access, under FOIA, to documents collected in and around the time of his arrest on April 15, 1987. Mr. Antonelli named four defendants: the USPC, the BOP, the United States Marshals Service ("USMS"), and the Federal Bureau of Investigation ("FBI").

Mr. Antonelli sought the release of four sets of documents: (1)

1

a parole tape, which Mr. Antonelli claimed was withheld by the USPC, (2) BOP documents regarding a visitor request from Andrea Mitchell, (3) a copy of a Writ of Habeas Corpus, which the USMS claims it cannot locate, and (4) a three-volume investigative file relating to Mr. Antonelli's arrest, withheld by the FBI as exempt under FOIA Exemption 7(a)[1].

On August 25, 1994, this Court granted summary judgment to the USPC and the BOP. Mr. Antonelli's claims against the USMS and the FBI are here addressed.

2.   The Writ of Habeas Corpus

The court's analysis focuses on whether the USMS conducted a reasonable search for the missing writ. McGehee v. C.I.A., 697 F.2d 1095, 1100 (D.C. Cir. 1983). "The issue is not whether [the] documents might conceivably exist but rather whether the government's search for responsive documents was adequate." Perry v. Block, 684 F.2d 121, 128 (D.C. Cir. 1982) (emphasis in original). While it is undisputed that Mr. Antonelli provided the U.S. Marshals Service with a copy of the document he now seeks, the fact that the USMS cannot find it is not evidence of an insufficient search.

In addition, affidavits supporting the search for documents are afforded a presumption of good faith. Ground Saucer Watch, Inc. v. C.I.A., 692 F.2d 770, 771 (D.C. Cir. 1981).

By affidavit, the USMS asserts that it searched its offices in the Northern District of Illinois, the Northern District of Indiana, the Eastern and Western District offices of Wisconsin, the District

---

[1] Two pages of this file were released to Mr. Antonelli.

of Minnesota, and several divisions of USMS headquarters for the document in question. (Supplemental Affidavit of Florastine P. Graham at ¶ 4,5). Mr. Antonelli has offered no evidence to rebut the presumption of good faith given to the affidavit, and no evidence that the search might be unreasonable.

Therefore, this court grants the U.S. Marshals Service's motion for summary judgment.

3.   The Investigative File

Exemption 7(a) permits the withholding of law enforcement records which "could reasonably be expected to interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7)(a). It carries a two part test: (1) that an enforcement proceeding is pending or prospective, and (2) that some harm could reasonably be expected to result from disclosure. Bevis v. Dept. of State, 801 F.2d 1386, 1388-89 (D.C. Cir. 1986).

A.   Prospective Law Enforcement Proceedings

Mr. Antonelli bases his arguments for disclosure chiefly on this first part of the test. He argues that since the documents are more than eight years old, no prospective proceeding is possible. However, courts have repeatedly found that lengthy, delayed or even dormant investigations are covered by exemption 7(a). See, e.g., Dickerson v. Department of Justice, 992 F.2d 1426, 1432 (6th Cir. 1993) (investigation of more than 15 years into disappearance of Jimmy Hoffa exempt); National Pub. Radio v. Bell, 431 F. Supp. 509, 514-15 (D.D.C. 1977) (exemption applicable to dormant investigation).

The court finds that the FBI has adequately shown by affidavit

3

that its investigation is still pending, and law enforcement proceedings are still prospective. (Affidavit of James P. Newcomb, at pg. 7).

### B. Expectation of Harm

The FBI can make generic determinations of the kinds of proceedings that might be harmed by disclosure. In order to do so, it must meet three requirements. "First, it must define its categories functionally. Second, it must conduct a document-by-document review in order to assign documents to the proper category. Finally, it must explain to the court how the release of each category would interfere with enforcement proceedings." Bevis, 801 F.2d at 1389-90. "In many (7)(a) cases. . . affidavits of the sort presented by the government here would seem to provide an adequate basis for making such determinations." Dickerson v. Department of Justice, 992 F.2d 1426, 1431 (6th Cir. 1993).

According to its affidavits, the FBI has broken down the investigative file at issue into two categories; administrative and evidentiary materials. (Affidavit of James P. Newcomb, at pg. 8-11). The court finds these sufficiently functional. Second, the FBI has conducted a document-by-document review. (Id; Affidavit of William D. Griffin, at pg. 8-9,17). Further, the FBI has explained how the release of these materials would interfere with possible proceedings. (Affidavit of James P. Newcomb, at pg. 8-11). Therefore, the court finds that the FBI has shown that harm might reasonably occur from the release of the investigative file.

4

4.  Conclusion

For the reasons set forth herein, it is this 23rd day of February, 1996, hereby

ORDERED that summary judgment should be, and is hereby granted to the U.S. Marshals Service and the FBI, and it is further

ORDERED that plaintiff's motion for a Vaughn index and/or an order directing the production of all FBI documents be denied.

This case now stands DISMISSED WITH PREJUDICE.

Royce C. Lamberth
United States District Court Judge

DATE: 2-23-96

5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

FEB 23 1996

NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

MICHAEL C. ANTONELLI, )
)
Plaintiff, )
)
v. ) Civil Action No. 93-0109
)
UNITED STATES PAROLE )
COMMISSION et al., )
)
Defendants. )

### ORDER

This matter comes before the court on Plaintiff's motion for Appointment of Counsel.

The relevant factors a court must consider when deciding whether to appoint counsel are set out in Poindexter v. F.B.I., 737 F.2d 1173, 1185 (D.C. Cir. 1984), and in Local Rule 702.1 (a)(4)(b). After carefully reviewing and weighing these factors, the court finds the appointment of counsel is not appropriate in this case.

Upon consideration of the plaintiff's arguments and all of the relevant factors, it is hereby

ORDERED that the plaintiff's motion for appointment of counsel be denied.

*Royce C. Lamberth*
Royce C. Lamberth
United States District Court Judge

DATE: 2-23-96