IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PETER J. HIDALGO, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 06-CV-1513 (JR) |
| FEDERAL BUREAU OF INVESTIGATION, | ) |
| Defendant. | ) |

# EXHIBIT C

# O'MELVENY & MYERS LLP

BEIJING
BRUSSELS
CENTURY CITY
HONG KONG
LONDON
LOS ANGELES

1625 Eye Street, NW
Washington, D.C. 20006-4001

TELEPHONE (202) 383-5300
FACSIMILE (202) 383-5414
www.omm.com

NEWPORT BEACH
NEW YORK
SAN FRANCISCO
SHANGHAI
SILICON VALLEY
TOKYO

*No request # listed*

April 26, 2006

Co-Director
Office of Information and Privacy
United States Department of Justice
Suite 11050
1425 New York Avenue, N.W.
Washington, D.C. 20530-0001

OFFICE OF INFORMATION AND PRIVACY
MAY 0 1 2006
RECEIVED

OUR FILE NUMBER
170446-1256

WRITER'S DIRECT DIAL
(202) 383-5190

WRITER'S E-MAIL ADDRESS
wnifong@omm.com

*In re*: **FREEDOM OF INFORMATION APPEAL**

To Whom It May Concern:

On behalf of my client Peter J. Hidalgo, I hereby appeal the denial of Mr. Hidalgo's February 3, 2006 Freedom of Information Act ("FOIA") request, submitted to the Miami field office of the FBI. For your reference, I enclose both the March 3, 2006 letter of denial from David M. Hardy and the FOIA request itself (including enclosures).

Mr. Hardy's letter states that the FOIA request was denied because it "concerns another individual" and that "[s]uch records, if they exist, are exempt from disclosure pursuant to Exemptions (b)(6) and (b)(7)(C) of the FOIA." However, a federal district court judge has already ruled that *no such exemptions* apply to Mr. Hidalgo's request for the records described in his February 3, 2006 FOIA request — a fact that Mr. Hidalgo clearly noted in the cover letter accompanying the FOIA request to the Miami field office. Indeed, Mr. Hidalgo even enclosed a copy of the Honorable James Robertson's September 29, 2005 Order, finding that *no FOIA exceptions apply* to Mr. Hidalgo's request for records pertaining to Manuel ("Manny") Sanchez and that disclosure of these documents is in the public interest.

As Mr. Hidalgo's February 3, 2006 request is identical in every material respect to the request addressed by Judge Robertson's Order, the FBI has no good-faith or legal basis for withholding the requested records, and the agency (including both FBI headquarters and the Miami field office) should immediately produce any such documents in its possession that are responsive to Mr. Hidalgo's request. (A copy of Mr. Hidalgo's prior request also was enclosed with the February 3, 2006 request, and it is provided again in this correspondence.) On behalf of Mr. Hidalgo, I respectfully request that the agency reverse its denial of the FOIA request and comply fully with the findings of the federal district court. As before, we also agree to

O'MELVENY & MYERS LLP
April 26, 2006 - Page 2

compensate the agency for any reasonable copying costs and postage associated with this request.

As Mr. Hidalgo is currently undergoing treatment at a medical facility in North Carolina and the duration of his stay there is uncertain, we ask that any correspondence regarding this request (including any production of documents responsive to the FOIA request) be sent to the following address:

>   Peter J. Hidalgo
>   c/o William R. Nifong
>   O'Melveny & Myers LLP
>   1625 Eye St. NW
>   Washington, DC 20006

On behalf of Mr. Hidalgo, I thank you in advance for your efforts and look forward to your response.

Sincerely,

William R. Nifong

cc/ Peter J. Hidalgo

# Privacy Waiver and Certification of Identity



U.S. Department of Justice

Federal Bureau of Investigation

Washington, D.C. 20535

March 3, 2006

William R. Nifong, Esquire
O'Melveny & Myers LLP
1625 Eye Street, Northwest
Washington, D.C. 20006

Dear Mr. Nifong:

A copy of your letter asking for information maintained by the FBI under the Freedom of Information Act (FOIA) concerning another individual is being returned to you. Your request was forwarded to FBI Headquarters from the Miami Field Office.

Before we commence processing your request for records pertaining to another individual, we ask that you submit to the FBI proof of death about that person. Proof of death can be a copy of a death certificate, obituary or a recognized reference source. Death is presumed if the birth date of the subject is more than 100 years ago. Without proof of death, the disclosure of law enforcement records or information about another person is considered an unwarranted invasion of personal privacy. Such records, if they exist, are exempt from disclosure pursuant to Exemptions (b)(6) and/or (b)(7)(C) of the FOIA; Title 5, United States Code, Section 552.

Please note that mail addressed to the FBI is delayed several weeks due to increased security procedures now in place.

In order to ensure an accurate search of our records, please provide your subject's complete name, date of birth and place of birth, if you have not already done so.

Once you have provided us with the necessary information, as described above, we will conduct a search of our records and advise you of the results.

This response should not be considered an indication of whether or not records responsive to your request exist in FBI files.

You may appeal this denial by writing to the Co-Director, Office of Information and Privacy, United States Department of Justice, Suite 11050, 1425 New York Avenue, Northwest, Washington, D. C. 20530-0001, within sixty days from the date of this letter. The envelope and the letter should be clearly marked "Freedom of Information Appeal".

Sincerely yours,

David M. Hardy /dsh

David M. Hardy
Section Chief
Records Information
  Dissemination Section
Records Management Division

All Attached Correspondence Must Be Returned to the FBI With This Letter

# O'MELVENY & MYERS LLP

| | | |
|---|---|---|
| BEIJING<br>BRUSSELS<br>CENTURY CITY<br>HONG KONG<br>LONDON<br>LOS ANGELES | 1625 Eye Street, NW<br>Washington, D.C. 20006-4001<br><br>TELEPHONE (202) 383-5300<br>FACSIMILE (202) 383-5414<br>www.omm.com | NEWPORT BEACH<br>NEW YORK<br>SAN FRANCISCO<br>SHANGHAI<br>SILICON VALLEY<br>TOKYO |

February 7, 2006

OUR FILE NUMBER

Federal Bureau of Investigation
Miami Field Office
16320 N.W. 2nd Avenue
Miami, FL 33169

WRITER'S DIRECT DIAL
(202) 383-5190

WRITER'S E-MAIL ADDRESS
wnifong@omm.com

*In re*: **FREEDOM OF INFORMATION ACT REQUEST**

To Whom It May Concern:

On behalf of my client Peter J. Hidalgo, I submit the enclosed Freedom of Information Act ("FOIA") request. As he is currently undergoing treatment at a medical facility in North Carolina and the duration of his stay there is uncertain, we ask that any correspondence regarding this request (including any production of documents responsive to the FOIA request) be sent to the following address:

> Peter J. Hidalgo
> c/o William R. Nifong
> O'Melveny & Myers LLP
> 1625 Eye St. NW
> Washington, DC 20006

For your consideration, I also enclose a September 29, 2005 Order of the Honorable James Robertson, United States District Court, District of the District of Columbia, finding that *no FOIA exceptions apply* to Mr. Hidalgo's request and that disclosure of the documents he seeks is in the public interest. As Judge Robertson's Order pertains to a FOIA request to FBI Headquarters that is, in every material way, identical to the one submitted herein, Mr. Hidalgo is likewise entitled to any responsive documents kept at the Miami field office. (Both Judge Robertson's Order and the earlier FOIA request are enclosed.) Therefore, we ask that you produce the requested documents to Mr. Hidalgo as soon as possible. By this letter, we also agree to compensate your office for any reasonable copying costs and postage associated with this request.

O'MELVENY & MYERS LLP
February 7, 2006 - Page 2

On behalf of Mr. Hidalgo, I thank you in advance for your efforts and look forward to your response.

Sincerely,

*William R. Nifong*

William R. Nifong

cc/ Peter J. Hidalgo

P E T E R  J.  H I D A L G O
37498-004
F.C.C. Butner
P.O. Box 1600
Butner, N.C. 27509

February 3, 2006

**Federal Bureau of Investigation (FBI)**
Freedom of Information Request
Miami FBI Field Office
16320 N.W. 2nd Avenue
Miami, Fl 33169

    RE: Freedom of Information Act Request on "Manuel (Manny) Sanchez", FBI Informant Number MM-5177-CW(D); under the File name "VESTRAC", OCDETF; OO: Miami; File Number (245B-MM-49826), pursuant to the FOIA/PA, 5 U.S.C. 552; 5 U.S.C. 552a.

Dear Sir/Madame FOIA Officer:

    1). This letter will serve as a formal request, pursuant to the provisions of the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 552a (d)(1)) and the State Statutes governing Freedom of Information requests, for the full diclosure and release of all "System of Records" and "Data" contained in the Files of your agency. Specifically, under the name of "Manuel (Manny) Sanchez", D.O.B. 1-10-1949, FBI Informant number MM-5177-CW(D), Social Security Number(s) 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/(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), and Florida License number S522540490100, or Identifier assigned to that name. Futhermore, all searches for Sanchezs' requested specific information are to include, but not limited to, Files referencing "VESTRAC": OO: Miami File Number (245B-MM-49826).

    2). The Records and Files that are sought for Manuel (Manny) Sanchez, are maintained under the FBIs' agency records structure that includes "Main" Files and "Reference" ("Cross Reference") Files, and that in conjuction employs the following systems, but not limited to: Central Record System ("CRS"); Automated Case Support ("ACS"); Electronic Case File ("ECF"); Universal Index ("UNI"); Investigative Case Management ("ICM"); Universal Case File Number ("UCFN"); and General Indices (Automated and Manual) to access the Files for Manuel (Manny) Sanchez in all FBI Field Offices.

    3). The following FOIA request specifically is for the agencys' compiled File of "Manuel Sanchez" and Cross Reference Files under the name "VESTRAC" containing, but not limited to:

    (A). Manuel Sanchez, FBI records entailing the exact date when Sanchez officially became a FBI Informant, and Subsequently a FBI paid Informant.

(B). Manuel Sanchez, complete FBI payment history, and records of payments or rewards given by other Federal and State agencies to Sanchez while and in the capacity of a FBI Informant.

(C). Manuel Sanchez, FBI records entailing the non-payments of income taxes to the IRS on his Informant earnings and payments made by the FBI agency to Sanchez, or by other Federal and State agencies.

(D). Manuel Sanchez, FBI records entailing the number of times the FBI agency and its agents has intervened on Sanchez behalf to prevent and avoid criminal prosecution(s) in connection to the income tax evasion or other criminal acts committed by Sanchez while working as a FBI Informant.

(E). Manuel Sanchez, FBI records outlining the past 36 years of his criminal career and lengthly criminal conviction(s) history, in addition to any and all arrest records of Sanchez regardless of non-prosecution, as well as any pending criminal cases.

(F). Manuel Sanchez, FBI records entailing any and all accusations of misconduct committed by Sanchez while working as a FBI Informant.

(G). Manuel Sanchez, FBI records of any and all administrative sanctions imposed on Sanchez for dishonesty, false claims, or other type of deceit and misconduct.

(H). Manuel Sanchez, FBI records of all case names, numbers, and Judicial Districts where Sanchez has testified under oath.

(I). Manuel Sanchez, FBI records entailing all investigatory reports, reports or evidentiary and/or Scientific information findings, wants, warrants, and/or detainers, final and closing investigation reports, any and all information, electronic Data associated to Sanchez.

(4). The FBI agency has already confirmed previously the status of Manuel Sanchez as a FBI Informant to the requester herein. "(W)hen an Informants' status has been officially confirmed... the agency must acknowledge the existence of any records it holds". Benavides v. Drug Enforcement Administration, 968 F.2d 1243, 1246 (D.C. Cir. 1992).

(5). No FOIA exception permits the FBI to withhold this information. Specifically Manny Sanchez has no privacy interest in this information, as he has waived such interest through public testimony in multiple criminal trials, and the public interest in disclosure is compelling, because of possible agency misconduct. Bennett v. Drug Enforcement Administration, 55 F. Supp. 2d 36 (D.D.C. 1999).

(6). It is further requested that your agency in response to the material requested specifically inform me if and to whom the file and/or any material therein contained has been released to any identifiable individual or agency, their name, title, purpose and need for such information, the date of such release, the specific material that was released, the person within your agency who released such information, and the specific reference for that

authority, statute or regulation, governing such release (5 U.S.C. 552a(d)(1); Paton v. La Parde, 524 F.2d 862 (CA 3 1975), Tarlton v. Saxbe, 507 F.2d 1116, 165 U.S. App. D.C. 293 (1974), of Linda RS. v. Richard D., 410 U.S. 614, 93 S. Ct. 1146, 35 L.ed. 2d 536 (1973).

7). If for any reason you choose not to send me any of the information or documents requested, then please furnish me with a "Vaughn Index" as set forth in Vaughn v. Rosen, 484 F.2d 820 (D.C. 1973).

8). It is further requested that your agency provide me with a copy of the specific regulations of your Department as provided by statute (5 U.S.C. 552) so that compliance with such regulations is adhered to except as otherwise provided by Law (5 U.S.C. 701 et. seq.).

9). This request is made under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 552a)(together with the alternate means of access), to permit access to records on file with your agency. If and for any reason it is determined that portions of the materials and records sought is exempt by statute or by regulation, I request specific citation to authority for such deletion.

10). Please send me pursuant to 28 CFR Section 16.6 (A) an acknowledgment of my request upon receipt and please provide me with a request number for future reference.

11). Pursuant to Title 5 U.S.C. 552a(6)(A)(i), it should be noted that your agency has twenty (20) working days following the receipt of this request to provide the information and materials requested.

12). I Peter J. Hidalgo, hereby swear under the penalty of perjury that I am requesting all the above information and documents in order to prove and expose to the public domain the FBI agencys' misconduct with its mishandling of a rogue FBI paid Infomant.

Respectfully Submitted,

*[signature]*

Peter J. Hidalgo

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PETER J. HIDALGO,

    Plaintiff,

v.                          Civil Action No. 04-0562 (JR)

FEDERAL BUREAU OF INVESTIGATION,

    Defendant.

**MEMORANDUM ORDER**

In November 2003, plaintiff, a federal inmate, filed a FOIA request with FBI Headquarters requesting information on Manny Sanchez, an FBI informant. Until very recently, the FBI refused to confirm or deny the existence of any responsive records, and made only a so-called "Glomar" response.[1] Plaintiff sued to compel production of documents. Both sides have moved for summary judgment.

In his motion, plaintiff has produced numerous court transcripts and other materials demonstrating, at least for some cases, that Sanchez's status as an FBI informant is publicly known. On June 21, 2005, in its opposition to plaintiff's motion, the FBI acknowledged for the first time that it does have

---

[1] This is plaintiff's second run at the same documents. In the first case, No. 00-0709, I ruled that the government's blanket assertion of FOIA Exemption 6 was appropriate. Memorandum of March 16, 2001. Plaintiff has filed a new FOIA request since then, however, and this time around he is represented by counsel who have made a considerably more substantial factual showing.

a duty to respond to plaintiff's request insofar as it touches matters in which Sanchez's role as a cooperator has been officially acknowledged. Def.'s Opp'n at 10. The FBI's brief is vague, but it appears to argue now that the FBI performed a search for those documents whose existence it was willing to confirm or deny and found nothing responsive to plaintiff's FOIA request.[2] See id. at 18 n.4. It has provided no information about that search, and it insists that the Glomar response is still appropriate for all other records.

"[T]he agency must show that it made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." Oglesby v. U.S. Dept. of Army, 920 F.2d 57, 68 (D.C. Cir. 1990). Further, the agency must file a "reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched." Id. Here, although apparently admitting that it did perform a search, and that it was required to do so, the government has provided none of the required details.

---

[2] The FBI also indicated for the first time that it interpreted plaintiff's FOIA request to apply only to FBI headquarters, and not to any field offices. Plaintiff was still operating pro se at the time of his FOIA request and presumably did not intend his request to be so interpreted, but the FBI is correct that separate FOIA requests are required for headquarters and field offices. 28 C.F.R. § 16.3.

- 2 -

The government continues to assert, for documents that relate to cases in which Sanchez's role has not been publicly acknowledged, that a Glomar response is appropriate. The argument invokes FOIA Exemption 7(C), which provides for the release of "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). Whether a Glomar response is appropriate under Exemption 7(C) requires "an ad hoc balancing of private and public interests." Nation Magazine v. U.S. Customs Serv., 71 F.3d 885, 893 (D.C. Cir. 1995). The government claims that it issued the Glomar response because "[m]erely affirming that an individual is mentioned in FBI records can have a potentially embarrassing or stigmatizing effect." Hardy Decl. at ¶ 14. Avoidance of such stigma is often a legitimate privacy interest to consider in the ad hoc balancing, see, e.g., Nation Magazine, 71 F.3d at 893, but it is hard to find stigma in this case. The information presented by the FBI shows that Sanchez has a very extensive criminal history, including seven convictions for narcotics, robbery, and escape from prison. See Pl.'s Mot. Summ. J. at 23. He has served as an FBI informant in a number of cases, has been paid a great deal of money for his assistance, and has admitted not paying income taxes. See id. at

- 3 -

23-30. Sanchez is hardly stigmatized by public confirmation of the fact that the FBI has files on him. This is not to say that Sanchez waived all of his privacy interests completely upon becoming an informant, see Coleman v. FBI, 13 F. Supp. 2d 75, 80 (D.D.C. 1998) (citing Burge v. Eastburn, 934 F.2d 577, 579 (5th Cir.1991) for proposition that "[a]n individual who testifies at trial does not waive this privacy interest beyond the scope of the trial record"), but only that FBI acknowledgment of the fact that it has documents on Sanchez does no incremental harm to Sanchez's reputation. See Bennett v. DEA, 55 F. Supp. 2d 36, 41-43 (D.D.C. 1999) ("career" informant gave up privacy rights to FBI records).

Although the government has placed no privacy interest in the balance, it is the plaintiff who has the burden of demonstrating that the public interest would be served by granting his FOIA request. Plaintiff's interest in overturning his own conviction has no public interest weight, see Oquaju v. U.S., 288 F.3d 448, 450 (D.C. Cir. 2002), reversed and remanded on other grounds, 541 U.S. 970 (2004), but plaintiff has made a number of disturbing allegations, with evidence to back them up, relating to the FBI's relationship with Sanchez. He presents trial transcripts showing substantial inconsistencies in trial testimony as to the length of Sanchez's employment by the FBI, how much he was paid, and his past criminal record. See Pl.'s

- 4 -

acknowledged. But the government has not begun to make the showing that is necessary to support its reliance on Exemption 7. Sanchez's identity as a cooperator is open and notorious. The government has not shown that he would in any way be subjected to "harassment and actual danger," Antonelli v. FBI, 721 F.2d 615, 618 (7th Cir. 1983), if the government were to acknowledge the mere *existence* of records indicating that he is a source in cases that plaintiff does not know about. If the government wishes to exclude specific "information furnished by a confidential source," it may seek a specific 7(D) exemption for that information, with an appropriate Vaughn index.

Both motions for summary judgment [# 16, # 19] are **denied**. The FBI must demonstrate that it has searched its records and must either provide the documents requested or produce a Vaughn index.

It is **SO ORDERED**.

JAMES ROBERTSON
United States District Judge

- 6 -

PETER J. HIDALGO
37498-004
U.S.P. Coleman
P.O. Box 1033
Coleman, Fl 33521-1033

November 3, 2003


Federal Bureau Investigation (FBI)
Freedom of Information Request
J. Edgar Hoover Building
9th Pennsylvania Ave., N.W.
Washington, D.C. 20535

  RE: Freedom of Information Act request on Manny (Manuel)
      Sanchez FBI Informant/MM-5177-CW(D), pursuant to the
      FOIA/PA, 5 U.S.C. 552; 5 U.S.C. 552a.

Dear Sir/Madame FOIA Officer:

   1). This letter will serve as a formal request pursuant to the provisions of the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 552a(d)(1)), and the State Statutes governing Freedom of Information requests, for full disclosure and release of all "systems of records" and data contained in the files of your agency, specifically under the name of Manny (Manuel) Sanchez FBI Informant (MM-5177-CW(D)), or identifier assigned to that name.

   2). The following FOIA request specifically is for the agency's compiled file of Manny Sanchez containing, but not limited to:

      (A). Manny Sanchez, FBI records entailing the exact date when Sanchez officially became a FBI informant, and Subsequently a FBI paid informant.
      (B). Manny Sanchez, complete FBI payment history, and records of payments or rewards given by other Federal and State agencies to Sanchez while and in the capacity of a FBI informant.
      (C). Manny Sanchez, FBI records entailing the non-payment of income taxes to the IRS on his informant earnings and payments made by the FBI agency to Sanchez, or by other Federal and State agencies.
      (D). Manny Sanchez, FBI records entailing the number of times the FBI agency and its agents has intervened on Sanchez behalf to prevent and avoid criminal prosecution[s] in connection to the income tax evasion or other criminal acts committed by Sanchez while working as a FBI informant.

(E). Manny Sanchez, FBI records outlining the past 36 years of his criminal career and lengthy criminal conviction[s] history, in addition to any and all arrest records of Sanchez regardless of non-prosecution, as well as any pending criminal cases.

(F). Manny Sanchez, FBI records entailing any and all accusations of misconduct committed by Sanchez while working as a FBI informant.

(G). Manny Sanchez, FBI records of any and all administrative sanctions imposed on Sanchez for dishonesty, false claims, or other type of deceit and misconduct.

(H). Manny Sanchez, FBI records of all case names, numbers, and judicial districts where Sanchez has testified under oath.

(I). Manny Sanchez, FBI records entailing all investigatory reports, reports or evidentiary and/or Scientific information findings, wants, warrants, and/or detainers, final and closing investigation reports, any and all information, electronic data associated to Sanchez.

3). The FBI agency has already confirmed previously the status of Manny Sanchez as a FBI Informant to the requester herein."[W]hen an informants' status has been officially confirmed... the agency must acknowledge the existence of any records it holds." Benavides v. Drug Enforcement Administration, 968 F.2d 1243, 1246 (D.C. Cir 1992).

4). No FOIA exception permits the FBI to withhold this information. Specifically Manny Sanchez has no privacy interest in this information, as he has waived such interest through public testimony in multiple criminal trials, and the public interest in disclosure is compelling, because of possible agency misconduct. Bennett v. Drug Enforcement Administration, 55 F.Supp. 2d 36 (D.D.C. 1999).

5). It is further requested that your agency in response to the material requested specifically inform me if and to whom the file and/or any material therein contained has been released to any identifiable individual or agency, their name, title, purpose and need for such information, the date of such release, the specific material that was released, the person within your agency who released such information, and the specific reference for that authority, statute or regulation, governing such release (5 U.S.C. 552a(d)(1), Paton v. La Parde, 524 F.2d 862 (CA 3 1975), Tarlton v. Saxbe, 507 F.2d 1116, 165 U.S. App. D.C. 293 (1974), of Linda RS. v. Richard D., 410 U.S. 614, 93 S.Ct. 1146, 35 L.ed. 2d 536 (1973).

6). If for any reason you choose not to send me any of the information or documents requested, then please furnish me with a "Vaughn Index" as set forth in Vaughn v. Rosen, 484 F.2d 820 (D.C. 1973).

(2)

7). It is further requested that your agency provide me with a copy of the specific regulations of your Department as provided by statute (5 U.S.C. 552) so that compliance with such regulations is adhered to except as otherwise provided by law (5 U.S.C. 701 et. seq.).

8). The request is made under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 552a)(together with the alternate means of access), to permit access to records on file with your agency. If and for any reason it is determined that portions of the materials and records sought is exempt by statute or by regulation, I request specific citation to authority for such deletion.

9). Please send me pursuant to 28 CFR Section 16.6(A) an acknowledgment of my request upon receipt and please provide me with a request number for future reference.

10). Pursuant to title 5 U.S.C. § 552a(6)(A)(1), it should be noted that your agency has twenty (20) working days following the receipt of this request to provide the information and materials requested.

11). I Peter J. Hidalgo, hereby swear under the penalty of perjury that I am requesting all the above information and documents in order to prove and expose to the public domain the FBI agencys' misconduct with its mishandling of a rogue FBI paid Informant.

Respectfully Submitted,

*[signature]*

Peter J. Hidalgo

(3)