IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Peter J. Hidalgo,                              )
                                               )
        Plaintiff,                             )
                                               )
        v.                                     )
                                               )    Civil Action No. 06-CV-1513 (JR)
Federal Bureau of Investigation,               )
                                               )
                                               )
        Defendant                              )
                                               )

## DECLARATION OF SA RODNEY CORTÉS

I, Rodney Cortés, declare as follows:

(1)     I am presently a Special Agent ("SA") in the Miami Field Office ("MMFO") of

the Federal Bureau of Investigation ("FBI"). While employed with the FBI I have investigated a

variety of violations including bank robberies, cyber crimes, counterterrorism, public corruption,

and most recently I have been assigned to a narcotics squad. I entered duty with the FBI as a SA

in 2003.

(2)     I am the primary SA currently assigned to "Operation Vestrac." I provide this

declaration based upon my personal knowledge, upon information provided to me in my official

capacity by other SAs, and upon conclusions and determinations reached and made in accordance

therewith.

(3)     I am aware that this litigation stems from a Freedom of Information Act ("FOIA")

request made by plaintiff Peter J. Hidalgo for records from the FBI's MMFO pertaining to

Manuel ("Manny") Sanchez, who was a paid FBI confidential informant/cooperating witness.

Specifically, I have been advised that plaintiff seeks access to the FBI's informant/cooperating witness file concerning Mr. Sanchez maintained in the MMFO.

(4)    Mr. Sanchez was a confidential informant/cooperating witness during Operation Vestrac, an undercover investigation focusing on many foreign drug trafficking organizations and their importing and distributing multi-kilograms of cocaine into the Miami, Florida area. The initial phase of the investigation targeted Colombian sources of supply and their respective importation and distribution groups operating in Miami, Florida. During the investigation and at the request of the FBI, Mr. Sanchez left his family-owned boat repair business in order to operate a separate boat repair shop for the FBI. Undercover agents were also introduced to subjects by Mr. Sanchez. Mr. Sanchez met with subjects who utilized the shop to fix their drug smuggling vessels, and, as a result he participated in numerous consensually-recorded audio and video meetings with subjects and undercover agents. This led to the identification of numerous subjects and the collection of valuable evidence. The source was directly responsible for evidence and information which led to the indictment of nearly 70 subjects, and the seizure of approximately 3,208 kilograms of cocaine. This source also testified in several separate trials stemming from this investigation.

(5)    I have reviewed and am familiar with the documents in the FBI's confidential informant/cooperating witness file concerning Mr. Sanchez. I understand that the non-exempt information within page 1603 has been segregated and released to plaintiff. Based upon my review of this file, as well as my knowledge of the criminal investigation involving Mr. Sanchez and others, I am submitting this declaration to provide justification for the FBI's need to protect the information in the confidential informant /cooperating witness file pursuant to FOIA Exemption 7(A), 5 U.S.C. § 552 (b)(7)(A). This declaration is being submitted to provide the Court with an understanding of the pending criminal investigation, and to explain how the

-2-

release of information from the confidential informant/cooperating witness file concerning Mr. Sanchez would cause direct harm to the pending criminal enforcement proceedings.

(6)     As a preliminary matter, I also have reviewed the document identified as page number 1922 in this litigation.[1] This document originated in the confidential informant/cooperating witness file of Mr. Sanchez. It concerns the administrative closing of the cooperating witness file, not the termination of the FBI's Operation Vestrac investigation. The Operation Vestrac investigation remains open.

(7)     As a result of the undercover investigation involving Mr. Sanchez, some drug traffickers were indicted and convicted of their crimes. Nearly 70 subjects were indicted. Of those indictees, some are fugitives. The FBI remains steadfast in pursuing these fugitives and, to this end, has pursued ongoing liaison with overseas FBI offices and Interpol to effect their capture. Thus, it is fully envisioned that Mr. Sanchez will testify in the future trials of all remaining Operation Vestrac indictees, as necessary. The investigation remains open. Additionally, the continued protection of Mr. Sanchez's informant file is imperative inasmuch as it may offer unwitting details about his other family members.

(8)     The confidential informant/cooperating witness file concerning Mr. Sanchez is directly related to the investigation described above. That file therefore pertains to an ongoing investigation, and disclosure of the records from the source's informant/cooperating witness file would harm the investigation.

(9)     As stated above, I have reviewed the confidential informant/cooperating witness file concerning Mr. Sanchez. As a result of this review, I have concluded that (except for the information disclosed from within document 1603) it is absolutely necessary to withhold the

---

[1]Plaintiff questions the content of page 1922, citing its description: "From SA to SAC re: **Closing** CW case."

responsive records to prevent harm to the open investigation. I further have determined that no other portions of the exempt material can be segregated and released, and that such release would in fact harm the pending criminal investigation and future trial proceedings. The disclosure of additional information from this file could jeopardize the successful future prosecution of indicted fugitives, and thereby thwart justice.

## REASONABLE EXPECTATION OF INTERFERENCE

(10)   Release of additional information from the confidential informant/cooperating witness file would be premature given that the criminal prosecutions against the indicted fugitives have not occurred. If this information were to be released into the public domain, the information concerning the investigation could reach the untried fugitives as well as other third-party individuals. This would allow them to analyze the information pertinent to the investigation. These individuals would then possess the unique advantage of knowing certain details surrounding the investigation and direct and/or circumstantial evidence, and could use the released information to their advantage. In this regard, the potential harms from the release of this information include:

(a)   the identification of individuals, sources, and potential witnesses who possess information relative to the investigation and possible harm to, or intimidation of these individuals;

(b)   the use of information released to counteract evidence developed by investigators;

(c)   the use of information released to reveal the government's trial strategy; and,

(d)   the revelation of the scope and direction of the investigation.

-4-

(11)    Furthermore, the additional release of the information to third parties could allow

these third parties to interfere with the pending proceedings by harassment; intimidation; and by

creation of false evidence by dispensing extraneous facts discussed during the FBI's

investigation.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct.

Executed this _16 ᵀ_ day of August, 2007.

RODNEY CORTÉS
Special Agent
Federal Bureau of Investigation
Miami, Florida